**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REX S. GUNTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01634 CDP |
| | ) | |
| MEGAN BRAKEFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 civil rights action was dismissed on December 17, 2025, after self-represented Plaintiff Rex Gunther failed to timely file an amended complaint in this action.[1] [ECF No. 5]. Eighty-two (82) days later, Plaintiff filed his amended complaint in this closed case without seeking leave to do so and with no explanation for his overdue pleading. [ECF No. 6].

While it is true that under the Federal Rules of Civil Procedure the Court should freely grant leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), following dismissal, the right to amend a complaint under Rule 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). The United States Supreme Court recently reaffirmed this position, stating that the liberal pleading standard of Rule 15(a) "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025).

Plaintiff has no right to amend his complaint in this closed case. Additionally, this Court has no obligation to reopen this closed action several months past the time on which Plaintiff's amended pleading was due. Federal district courts have the "inherent authority to manage their

---

[1] Plaintiff's amended complaint was due to the Court on December 10, 2025. [ECF No. 4].

dockets and courtrooms with a view toward the efficient and expedient resolution of cases."
*Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Linkv. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *see Widtfeldt v. Daugherty*, 587 F. App'x 992 (8th Cir. 2014).

Given these tenets, the Court will strike Plaintiff's amended complaint from the Court's docket and return it to Plaintiff. Plaintiff will not be allowed to file any additional documents or pleadings in this closed action unless they relate to an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint filed on March 9, 2026 [ECF No. 6] is **STRICKEN** from the docket. The Clerk shall return the amended pleading to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall not be allowed to file any additional documents or motions in this closed action unless they relate to an appeal.

Dated this 30th day of March, 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

2